UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
INTERNATIONAL ASSOCIATION OF                                :
MACHINISTS AND AEROSPACE                                    :
WORKERS, ALF-CIO,                                           :
                                                            :
                        Plaintiff,                          :        **OPINION AND ORDER**
                                                            :
        -against-                                           :        07 Civ. 412 (SAS)
                                                            :
VARIG, S.A., AND VINCENTE CERVO                             :
AND EDUARDO ZERWES,                                         :
AS FOREIGN REPRESENTATIVES                                  :
OF VARIG, S.A.,                                             :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/07

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiff, a labor union, seeks payment of severance benefits from its members' employer, Varig S.A. airline ("Varig"), under the terms of the collective bargaining agreement ("Varig CBA"). Defendant Varig, a Brazilian airline that conducted business in New York, is in bankruptcy proceedings in Brazil. The airline and its representatives now move to dismiss this case as barred by Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiff moves for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.

## II. BACKGROUND

This Opinion assumes familiarity with the facts summarized in the this Court's February 13, 2007 Order ("February 13 Order") denying plaintiff's motion for a preliminary injunction and temporary restraining order. Additional undisputed facts relevant to this motion are summarized below.

On December 1, 2006, defendant airline permanently laid off its remaining sixteen New York-based employees, effective December 7, 2006.[1] The Varig CBA governing the terms of employment took effect on July 20, 2005.[2] It will become amendable on July 19, 2008.[3] Certain terms of the Varig CBA govern the payment of severance benefits.[4] Article XII, section (d) provides that employees will receive two weeks notice before termination or two weeks of pay; Article XII, section (k) provides permanently laid-off employees with severance pay, calculated based on the employee's salary and years of service, and for compensation for accrued vacation time; and Article XII, section (m) provides for

---

[1] *See* Plaintiff's Local Rule 56.1 Statement ("Pl. 56.1") ¶ 10.

[2] *See id.* ¶ 4.

[3] *See id.* ¶ 9.

[4] *See id.* ¶ 4.

compensation for unused sick time.[5]

In June 2005 (before the Varig CBA took effect), Varig filed for bankruptcy in Brazil.[6] On December 4, 2006, defendants informed the sixteen New York-based employees that they would receive severance benefits in line with terms for Class I creditors under the Brazilian reorganization plan.[7] Previously, from the time Varig filed for bankruptcy in Brazil in June 2005 through the layoffs on November 8, 2006, employees in the United States who were terminated had "received severance, vacation pay, sick pay and other benefits" under the Varig CBA.[8] Plaintiff filed this action on behalf of certain of its members seeking payment of severance benefits in accordance with the terms of the Varig CBA.[9]

---

[5]   *See id.* ¶ 5.

[6]   *See id.* ¶ 6.

[7]   *See id.* ¶ 11. *See also* Defendants' Response to Local 56.1 Statement ("Def. 56.1 ") ¶ 11 ("VARIG Management Committee has decided to apply the payment terms outlined in the above mentioned [Reorganization] plan to settle all labor separation costs related to Class I creditors based in the U.S.A.").

[8]   *See* Pl. 56.1 ¶ 9; Def. 56.1 ¶ 9.

[9]   *See* Complaint.

## III. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"A court must decide a 12(b)(1) motion before other motions to dismiss."[10] Rule 12(b)(1) provides for the dismissal of a claim when the federal court lacks subject matter jurisdiction. Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.[11]

The Railway Labor Act (the "RLA") sets forth specific guidelines for modifying a collective bargaining agreement, providing two separate methods for the resolution of such disputes.[12] In 1945, the Supreme Court characterized one

---

[10] *Integrated Util. Inc. v. United States*, No. 96 Civ. 8983, 1997 WL 529007, at *2 (S.D.N.Y. Aug. 26, 1997). *Accord Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (quotation omitted)).

[11] *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002); *see also Goonewardena v. New York*, No. 05 Civ. 8554, 2007 WL 510097, at *6 (S.D.N.Y. Feb. 14, 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff as it is the plaintiff who seeks to invoke the court's jurisdiction.").

[12] *See, e.g.*, 45 U.S.C. § 156 (requiring thirty days notice for changes in agreements affecting rates of pay, rules, or working conditions, and prohibiting such changes to take effect unless a conference is held between the representatives of the parties and, if requested by either party, final action is taken by theMediation Board).

-4-

method as applying to major disputes and the other as applying to minor disputes.[13] Courts have subject matter jurisdiction over disputes characterized as major, but not over those deemed minor, which must be resolved exclusively through the RLA's arbitration process.[14]

The Second Circuit has interpreted the difference between a major and minor dispute as such:

> It is a major dispute if the present agreements . . . contain express provisions contrary to the position taken by the railroads or if the clear implication of these agreements is inconsistent with the railroad's proposals. It is a minor dispute if there is a clearly governing provision in the present agreements, although its precise requirements are ambiguous; and it is also minor if what the railroad seeks to do is supported by customary and ordinary interpretations of the language of the agreements.[15]

If an employer contends that a dispute is a minor one, courts will look to the CBA to determine if a "plausible interpretation would justify the carrier's action."[16] Such a dispute will be deemed "major if the carrier's contractual

---

[13] *See Elgin, Joliet & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945); *CSX Transp., Inc., v. United Transp. Union*, 879 F.2d 990, 995 (2d Cir. 1989).

[14] *See Consolidated Rail Corp. v. Railway Labor Executives' Ass'n* 491 U.S. 299, 302-03 & n.3 (1989).

[15] *Rutland Ry. Corp. v. Brotherhood of Locomotive Eng'rs*, 307 F.2d 21, 33-34 (2d Cir. 1962). *Accord CSX Transp., Inc.*, 879 F.2d at 996.

[16] *Local 553, Transp. Workers Unions v. Eastern Air Lines*, 695 F.2d 668, 673 (2d Cir. 1982). *Accord CSX Transp., Inc.*, 879 F.2d at 997.

justification for its actions is 'obviously insubstantial,'" but minor if the CBA is "reasonably susceptible" to such an interpretation.[17] In other words, "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective bargaining agreement. Where, by contrast, the employers claims are frivolous or obviously insubstantial, the dispute is major."[18] The employer's burden to demonstrate its interpretation is more than frivolous is "relatively light."[19]

### B. Summary Judgment

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[20] An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21] A

---

[17] *Local 553*, 695 F.2d at 673 (quoting *United Transp. Union v. Penn Cent. Transp. Co.*, 505 F.2d 542, 544 & n.5 (3d Cir. 1974) (per curiam)). *Accord CSX Transp., Inc.*, 879 F.2d at 997.

[18] *Consolidated Rail Corp.*, 491 U.S. at 302-03.

[19] *Id.* at 307.

[20] Fed. R. Civ. P. 56(c).

[21] *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir.

fact is material when it "'might affect the outcome of the suit under the governing law.'"[22]

The movant has the burden of demonstrating that no genuine issue of material fact exists.[23] In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact that does "'not rely on conclusory allegations or unsubstantiated speculation.'"[24] To do so, it must do more than show that there is a "'metaphysical doubt as to the material facts.'"[25] However, "'all that is required [from a non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[26] In

---

1998)).

[22]     *Bouboulis v. Transport Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

[23]     *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[24]     *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002)).

[25]     *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[26]     *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

determining whether a genuine issue of material fact exists, courts must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor.[27] However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[28] Summary judgment is therefore inappropriate "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."[29]

## IV. DISCUSSION

In my February 13 Order I held that this is a major dispute. While the previous decision was made in the context of a motion for a preliminary injunction, nothing has changed. The instant dispute requires no contractual interpretation and is therefore major. Defendants' motion to dismiss is denied in part and granted in part and summary judgment for plaintiff is denied.

---

[27] *See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

[28] *McClellan*, 439 F.3d at 144 (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)). *Accord Anderson*, 477 U.S. at 249.

[29] *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citing *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000)).

### A.     Jurisdiction Under the Railway Labor Act

Because the parts of the Varig CBA upon which plaintiff relies are unambiguous, defendants attempt to invoke other provisions in the Varig CBA to manufacture ambiguity that would require interpretation, in order to render the dispute minor. While the burden for showing a contractual ambiguity that requires the classification of the dispute as minor is not a heavy one, it is a burden defendants have failed to meet.

#### 1.     The Saving Clause

Defendants turn first to the Varig CBA's Saving Clause, which provides that "existing legislation" that invalidates one part of the Varig CBA does not invalidate the rest of it.[30] Because Brazilian law dictates that defendants must treat all creditors in a class equally under the reorganization plan, defendants argue that they are justified in paying permanently laid-off employees as Class I Creditors under the Brazilian bankruptcy plan ("the plan").

But defendants have not argued that the provisions governing the calculation of severance benefits are rendered invalid by legislation or otherwise.

---

[30]     *See* Varig CBA, Ex. A to Complaint, at 36. The Saving Clause states in full: "Should any part or provision of this Agreement be rendered invalid by reason of any existing or subsequently enacted legislation, such invalidation of any part or provision of this Agreement shall not invalidate the remaining portions thereof, and they shall remain in full force and effect." *Id.*

Rather, defendants maintain that the Brazilian reorganization plan permits them to avoid their obligation to pay severance benefits in accordance with the Varig CBA.[31] While that might be accurate, it does not require an interpretation of the Varig CBA. Both the terms governing severance pay and the conditions under which the Saving Clause applies are unambiguous.

### 2. Article XII, section (l) of the Varig CBA

Additionally, defendants argue that Article XII, section (l) of the Varig CBA requires interpretation. That section states that "[i]n the event of reductions in work force due to merger, sale, transfer or assignment of the Company or [sic] **all** of its property or effects or any change in legal status, the same severance table shown in [Article XII, section (k) of the Varig CBA] will apply."[32] Defendants argue that because the airline has not sold "all" of its property or effects, they are at least "arguably" justified in their failure to pay severance benefits. Defendants then assert that this renders the dispute "minor" as

---

[31] An affidavit submitted by defendants notes that "[p]ost-petition creditors that do not adhere to the [plan] will remain creditors of the Foreign Debtors and will be paid from the Foreign Debtors' remaining operating cash flow," indicating that creditors have the choice of whether to receive payment through the plan. Declaration of Commanding Officer Miguel Dau in Support of the Foreign Representative for Permanent Injunction, dated February 7, 2007, at 8.

[32] Varig CBA at 25 (emphasis added).

it involves the interpretation of the meaning of the word "all." Defendants' argument, however, is misplaced. Plaintiff does not seek relief under section (l), but rather under section (k), which governs the disbursement of severance pay for permanently laid-off employees.[33] There is no dispute that the members of the plaintiff union are permanently laid off.[34] Therefore, the unambiguous provisions of section (k) apply without any need to interpret section (l).

### 3. The Claim for Compensatory Time Off

In an off-the-record conference call that the Court held on April 10, 2007, the parties agreed that the Varig CBA does not address the question of payment for unused compensatory time off. Both parties agree that, because the Varig CBA does not mention how unused compensatory time off might be paid out upon termination, the resolution of such a claim would require interpretation of the provision relating to overtime. As a result, the dispute over compensatory time off must be brought before an arbitrator and not this Court. Therefore, plaintiff's claim as to compensation for accrued compensatory time off is dismissed for lack of subject matter jurisdiction. This Court retains jurisdiction over the remaining claims.

---

[33] *See id.*

[34] *See* Pl. 56.1 ¶ 10.

**B.     Summary Judgment**

Defendants admit that the airline permanently laid off certain of plaintiff's members and that the Varig CBA was in effect at the time of the layoffs. However, defendants re-assert their prior arguments regarding the effect of the Saving Clause and Article XII, section (l), arguing that the possibility of such interpretations create a material factual dispute. I already have found that the Varig CBA is unambiguous and requires no interpretation. In any event, questions of contract interpretation are legal, not factual matters.[35] Defendants also admit that the Varig CBA provides for two weeks notice, severance pay based on the laid-off employee's salary and years of service, compensation for accrued vacation time, and compensation for unused sick time. However, there remains the issue of whether the Varig CBA applies at all in this action or whether it is trumped by Brazilian bankruptcy law. Contrary to Varig's assertion, however, this is not an issue of contract interpretation of the Varig CBA, and it does not render the dispute minor. Rather, it is an issue that concerns Brazilian bankruptcy law and that foreign law's application in this Court to this dispute. That issue requires

---

[35] *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005) ("When the question is the contract's proper construction, summary judgment may be granted when [the contract's] words convey a definite and precise meaning absent any ambiguity." (quotations and citations omitted)).

further briefing. Accordingly, summary judgment is denied.

## V.   CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is granted in part and denied in part. Plaintiff's motion for summary judgment is denied. The Clerk of the Court is directed to close these motions (Nos. 13 and 21). A conference is scheduled for July 11, 2007, at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 21, 2007

- Appearances -

**For Plaintiff:**

Robert S. Clayman, Esq.
1625 Massachusetts Avenue, N.W., Suite 700
Washington, D.C. 20036-7420
Tel: (202) 624-7400
Fax: (202) 624-7420

**For Defendants:**

Rick B. Antonoff, Esq.
1540 Broadway
New York, NY 10036-4039
Tel: (212) 858-1110
Fax: (212) 858-1500